CHASEZ, Judge.
Eugene McCarroll and Richard B. Montgomery, doing business as Amber Company, a commercial partnership, instituted suit against Mrs. Mathilda Baucher, widow of Alfred E. Escat, for executory process seeking the seizure and sale of a certain piece of immovable property owned by defendant. Defendant responded by seeking an injunction to arrest the seizure and sale *493 of the property and the return of the promissory note secured by the mortgage which forms the basis of the executory proceeding. The matter was tried by the lower court on the question of a preliminary injunction to arrest the seizure and sale of the property and judgment was awarded in favor of Mrs. Escat and against Eugene McCarroll and Richard B. Montgomery, d/b/a Amber Company, enjoining the Civil Sheriff from selling the property, involved in this proceeding. It is from this adverse judgment that plaintiffs in the ex-ecutory proceeding prosecute an appeal.
On December 3, 1963 Mr. and Mrs. Bruce Reynolds purchased the property involved in this litigation which bears municipal number 5126 Chamberlain Drive in the City of New Orleans. Mr. and Mrs. Reynolds granted a first mortgage on the property to a certain homestead and a second mortgage to their vendor, Captain C. H. Waring. On January 25, 1966 Mrs. Es-cat purchased the property from Mr. and Mrs. Reynolds, assuming both mortgages as part of the consideration for the transaction.
Some time in the fall of 1968 a fire occurred to the residence. Although the property was insured, the homestead which held the first mortgage and which was named as the payee on the policy in the event of loss, refused to release the insurance proceeds to Mrs. Escat in order that repairs might be made to the premises. Mrs. Escat did not have sufficient funds of her own to repair her home and therefore her daughter-in-law, Mrs. Leehans, who was at that time residing with Mrs. Escat, approached Mr. Eugene McCarroll, an officer at the National Bank of Commerce, for the purpose of securing a loan to make these necessary repairs. As a result of their negotiations, the National Bank of Commerce through Mr. Mc-Carroll, made four advances of funds to Mrs. Leehans in connection with the repair and/or preservation of the property, each time securing from Mrs. Leehans her personal note for the amount advanced. Mrs. Escat herself was not a party to these transactions.
On December 3, 1968 the second mortgage note fell due. Prior to that date the mortgagee had notified Mrs. Escat he would expect payment on that date and in default foreclosure proceedings would be initiated. Accordingly, Mrs. Leehans explained the situation to Mr. McCarroll with a view towards obtaining the funds necessary to pay the mortgage when it fell due. It appears that one of the four advances previously referred to include money which was used for the payment or purchase of the second mortgage note.
On December 3, 1968, the day on which the second mortgage note matured, Mrs. Leehans wrote a check payable to Captain Waring. The check was drawn on her own account at the National Bank of Commerce in the amount of $2500.00, which was the full sum due and owing on the second mortgage. Mrs. Leehans had the check certified and delivered same to Mr. McCarroll who in turn brought the check to the attorney for the mortgagee and received back the note. However, the note was never marked “Paid” and was never returned to Mrs. Escat or Mrs. Leehans. Subsequently, the note which was bearer paper was transferred from the National Bank of Commerce to Amber Company and the present suit was instituted.
The sole question before us in the instant matter is whether the note which was received by Mr. McCarroll from the attorney for the mortgagee upon the tender of the check drawn by Mrs. Leehans on her personal account has been paid or purchased by Mrs. Leehans or whether the National Bank of Commerce, through its agent Mr. McCarroll, has purchased the note in question and therefore able to transfer same to the present holder and plaintiff in these proceedings.
This is essentially a question of fact. Although the note was never marked “Paid”, the trial court found as a matter of fact that in personally delivering the *494 check, and receiving the note from the mortgagee’s attorney, Mr. McCarroll was acting as the agent for Mrs. Leehans. It is undisputed that the check which was delivered to the mortgagee for the full amount due on the note was drawn on Mrs. Leehans’ personal checking account. Although the money in this checking account was money borrowed from the bank for the purpose of liquidating this debt, it does not mean that the bank purchased the note because money loaned by them was used to pay it. Once loaned to Mrs. Lee-hans, the money could be used by her as she saw fit and the bank acquired no interest in any asset she acquired. The court went on to find as a matter of fact that Mrs. Leehans utilized the services of Mr. McCarroll to retrieve the note because she was a woman unfamiliar with the ramifications of credit transactions and therefore relied on Mr. McCarroll to close the matter on her behalf.
The trial court had the opportunity to observe the witnesses in this matter and come to a conclusion regarding the facts of the case. We find no manifest error in the conclusions which the trial judge reached.
It indeed seems strange to us that if the bank wished to purchase the note in question that one of its officers would have attempted to pay for the note with a personal check drawn on the account of one of its depositors.
Furthermore, the record does not disclose that Mrs. Leehans or Mrs. Escat pledged the note to the bank as security for a note which the daughter-in-law signed. In fact, such a state of affairs is specifically denied by Mr. McCarroll.
Through the transactions which occurred in this case under the facts as known, Mrs. Leehans became the proper holder of the note. Accordingly, the preliminary injunction arresting the seizure and sale of Mrs. Escat’s property was properly granted. The judgment of the court a quo is affirmed and all costs shall be paid by the appellants.
Affirmed.